UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WADE WICKS,<br>TINA WICKS,<br>ESTATE OF LISA FARMER,<br>ESTATE OF STANLEY SCOTT, and<br>MARVIN POWELL,<br><br>　　　　Defendants. | Case No. 24-cv-01421-JPG |

## **MEMORANDUM AND ORDER**

This case is before the Court on The Estate of Lisa Farmer, The Estate of Stanley Scott, and Marvin Powell's (collectively the "Claimants") Motion to Dismiss, or In the Alternative, to Stay the Declaratory Judgment Action (Doc. 40). They bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or *Wilton v. Seven Falls Co.*, 515 U.S. 227 (1995). Claimants ask that this Court use its discretion to decline jurisdiction in view of pending state court proceedings in St. Clair County, Illinois.

**I.　BACKGROUND**

Plaintiff Mesa Underwriters Specialty Insurance Company ("MESA") issued a commercial general liability insurance policy (the "Policy") to two of the defendants, Wade Wicks and Tina Wicks, d/b/a WJEW (the "Wicks Parties"). The Policy covered property located at 546 N. 13th Street, East St. Louis, IL 62205 (the "Property"), and had effective dates of February 4, 2023, to February 4, 2024.

On January 20, 2024, a fire broke out at the Property and resulted in the deaths of Lisa

Farmer and Stanley Scott and the alleged bodily injury of Marvin Powell (the "Incident"). Following the Incident, the Claimants asserted claims against the Wicks Parties and demanded payment under the Policy. The Policy contains a general liability limit of $1,000,000 for each occurrence. It also contains a premises maintenance requirement limitation (the "Limitation") that modifies the limit available under the policy to $100,000 for certain liability claims. MESA filed this action seeking a declaration under the Declaratory Judgment Act that the Limitation applies, and that the applicable policy limit is $100,000 (Doc. 1). All defendants filed timely answers (*see* Doc. 14; Doc. 30).

Over five months after MESA brought this action, the Claimants filed a complaint in the Circuit Court of St. Clair County, Illinois (*Estate of Lisa Farmer, Estate of Stanley Scott, and Marvin Powell v. Wade Wicks, Tina Wicks, and MESA Underwriters Specialty Insurance Company*, No. 24-LA-1473) (Doc. 40-1). The complaint contains seven counts, including a claim against MESA seeking a declaration that the general policy limit of $1,000,000 applies. After filing the state action, the Claimants filed this motion asking the Court to dismiss or stay MESA's pending declaratory judgment suit (Doc. 40).

**II.   ANALYSIS**

    A.   Federal Rule of Civil Procedure 12(b)(1):

The Claimants seek dismissal under Federal Rule of Civil Procedure 12(b)(1), but do not assert any substantive arguments that this Court does not have subject matter jurisdiction. In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and construed in the light most favorable to the plaintiff. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). This Court has subject matter jurisdiction

over cases where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. It is undisputed that MESA is a citizen of New Jersey. The Wicks Parties and the Claimants admitted they are citizens of Illinois. There is complete diversity between MESA and all the defendants. In addition, the parties have admitted the amount in controversy exceeds $75,000. Therefore, the Court will not dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1).

    B. *Wilton-Brillhart* Doctrine:

The Declaratory Judgment Act gives district courts the option to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act requires that an actual controversy exists, but if all jurisdictional prerequisites are satisfied, it gives district courts broad discretion in deciding whether to exercise its authority. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). This discretion led to the creation of the *Wilton-Billhart* doctrine. *See Arnold v. KJD Real Est., LLC*, 752 F.3d 700, 707 (7th Cir. 2014).

"*Wilton-Brillhart* abstention applies when 'a federal court [is called upon] to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). Under the doctrine, a district court is permitted to—but not required to—abstain in cases where "solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). The doctrine is rooted in many considerations, including federalism, comity, efficiency, and fairness. *See id.*; *Nationwide Ins.*, 52 F.3d at 692.

The classic example of when courts abstain under the *Wilton-Brillhart* doctrine is where

3

there is a federal case seeking only declaratory relief and a state case involving "the same parties" and litigating "the same issues." *Envision Healthcare*, 604 F.3d at 986. However, "the mere pendency of another suit is not enough in itself to refuse a declaration." *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 590 (7th Cir. 1970). Determining whether to abstain under the *Wilton-Brillhart* doctrine is "an inherently discretionary call for the district court, 'because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [its] grasp.'" *Arnold*, 752 F.3d at 707 (quoting *Wilton*, 515 U.S. at 288).

In making this determination, district courts are directed to consider a variety of non-exclusive factors, including:

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Nationwide Ins.*, 52 F.3d at 692. Other relevant considerations are "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for *res judicata*'" and "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994) (quoting *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991)).

The *Wilton-Brillhart* doctrine applies here because MESA filed this federal action seeking solely declaratory relief, and the Claimants filed a parallel proceeding in state court. The

parties to the two lawsuits are identical. The same five parties are involved in both cases. In addition, the question in this declaratory suit is the same as an issue raised in the state proceeding. In this action, MESA seeks a declaration of the applicable policy limit. In the state court action, the Claimants are seeking the exact same declaratory relief.

Despite there being a parallel proceeding, the relevant considerations and purposes of the *Wilton-Brillhart* doctrine weigh in favor of keeping MESA's declaratory judgment action in this Court. First, this action will serve a useful purpose in the litigation by settling issues regarding MESA's obligations to the Claimants under the Policy. MESA has asked this Court to declare that the applicable policy limit is $100,000. Resolving this issue will determine the scope of MESA's potential liability to the Claimants and will help the parties conduct settlement negotiations. Any piecemeal or duplicative litigation that results from keeping MESA's declaratory judgment action in this Court is the result of the Claimants' actions. MESA brought this declaratory judgment action over five months before the Claimants filed their complaint in state court. If the Claimants want a single forum for the resolution of this case, they could have it in this Court. Although Claimants argue that the state court action is more comprehensive and includes wrongful death and negligence claims arising from the Incident, they do not address why they could not assert those claims in this action.

Second, allowing this action to continue in federal court will not encroach upon the interests of the Illinois state courts. In this action, MESA is seeking a declaration of the applicable policy limit. This determination does not involve a novel or complex issue of state law. Instead, it is a question of contract interpretation that is well within the competency of this Court.

Third, allowing this declaratory judgment action to continue in federal court is fair to all the parties. MESA is a New Jersey corporation. The Claimants and the Wicks Parties are citizens of Illinois. MESA filed its declaratory judgment action in this Court to litigate in a neutral and competent forum. Over five months after MESA filed this action, and after all defendants had responded to MESA's complaint, the Claimants filed a parallel state action. The state action cannot be removed to federal court because the Claimants name two Illinois residents, the Wicks Parties, as defendants. This Court will not deprive MESA, an out-of-state litigant, of its preferred federal forum, particularly when there is potential for local prejudice. Therefore, it will not abstain under the *Wilton-Brillhart* doctrine, and it will allow MESA's declaratory judgment action to proceed in federal court.

### III.   CONCLUSION

This Court has subject matter jurisdiction over MESA's declaratory judgement action, so it declines to dismiss this case under Rule 12(b)(1). In addition, since the relevant considerations and purposes of the *Wilton-Brilhart* doctrine weigh in favor of keeping MESA's declaratory judgment action in federal court, this Court will not dismiss or stay the action pursuant to that doctrine. Therefore, the Court DENIES the Claimants Motion to Dismiss, or in the Alternative, to Stay the Declaratory Judgment Action (Doc. 40).

**IT IS SO ORDERED.**
**DATED**:   **September 10, 2025**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**