UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WADE WICKS,<br>TINA WICKS,<br>ESTATE OF LISA FARMER,<br>ESTATE OF STANLEY SCOTT, and<br>MARVIN POWELL,<br><br>Defendants. | Case No. 24-cv-01421-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Mesa Underwriters Specialty Insurance Company's Motion to Stay (Doc. 74). It asks this Court to exercise its discretion under the Declaratory Judgment Act to stay this action pending resolution of an underlying state court case, *Estate of Lisa Farmer, Estate of Stanley Scott, and Marvin Powell v. Wade Wicks, Tina Wicks, and MESA Underwriters Specialty Insurance Company,* St. Clair County Circuit Court Case No. 24-LA-1473, in which wrongful-death claims and negligence claims have been asserted against the Wickses. Defendants Wade Wicks, Tina Wicks, Estate of Lisa Farmer, Estate of Stanley Scott, and Marvin Powell did not respond within the 14 days permitted by SDIL-LR 7.1(b).

The Declaratory Judgment Act gives district courts the option to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act requires that an actual controversy exists, but if all jurisdictional prerequisites are satisfied, it gives district courts broad discretion in deciding whether to exercise its authority. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). This discretion led to the creation of the *Wilton-*

*Billhart* doctrine. *See Arnold v. KJD Real Est., LLC*, 752 F.3d 700, 707 (7th Cir. 2014).

"*Wilton-Brillhart* abstention applies when 'a federal court [is called upon] to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). Under the doctrine, a district court is permitted to—but not required to—abstain in cases where "solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). In making this determination, district courts are directed to consider a variety of non-exclusive factors, including:

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Nationwide Ins.*, 52 F.3d at 692.

Because this declaratory judgment action concerns Plaintiff's duty to indemnify the Wickses, which is not ripe for adjudication until the Wickses liability is established in the underlying state court action, and because Defendants have not objected to the requested stay, the Court will exercise its discretion to stay this proceeding. Accordingly, the Court **GRANTS** Plaintiff's Motion to Stay (Doc. 74) and **STAYS** this action until completion of the underlying state court case.

The Court **ORDERS** Plaintiff to file a status report with the Court in March 2027, and every September and March thereafter addressing the status of this case. It further **ORDERS**

Plaintiff to file a final report within 30 days of the conclusion of the underlying state court case.

Although the stay precludes further prosecution of this action during the pendency of the underlying state court case, the parties retain the ability to mediate or voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**
**DATED**: **November 17, 2026**

**J. PHIL GILBERT**
**United States District Judge**